**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert F. Bortolon, an individual, ) | No. CV06-492 PHX-DGC |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) United States of America, et al., ) | |
| )  Defendants. ) | |
| ) | |

Plaintiff Robert F. Bortolon has filed three motions. For the reasons set forth below, the motions will be denied.

First, Plaintiff has filed a Motion to Change Venue. Doc. #11. Plaintiff asks that this case, which he filed in Arizona, be transferred to New Hampshire or the East Coast because judges in Arizona will not be able to rule impartially. Although the only defendants named in the action are the United States, an un-named realty company, an un-named real estate buyer and two law firms, Plaintiff asserts that an un-named judicial officer and several un-named officers of the court, including local police, participated in crimes against him. These assertions are not sufficient to warrant a change of venue. Plaintiff provides no clear explanation as to why judges in this District will not be able to dispose of this case impartially.

Second, in his motion for change of venue, Plaintiff asks the Court to issue a temporary restraining order against Defendants. Filed with his motion is a proposed order

1 prohibiting Defendants from engaging in various kinds of conduct, including interfering with 2 Plaintiff's right to visit his children and the looting of Plaintiff's property.  The proposed 3 restraining order requires that the United States, the un-named realty company, the un-named 4 real estate buyer, and two law firms be suspended from their jobs and escorted from the 5 property on which their offices are located.

6 Plaintiff's request for a temporary restraining order does not set forth specific facts 7 by affidavit or verified complaint showing that such a restraining order is warranted and does 8 not otherwise appear to be reasonable or necessary.  Plaintiff's request for a temporary 9 restraining order will therefore be denied.

10 Third, Plaintiff asks the Court to appoint counsel to represent him in this action. 11 Plaintiff asserts that he is unable to afford counsel, that the issues in this case are complex 12 because judicial officers are implicated in a theft, that Plaintiff has been deported to Canada 13 as a result of illegal prosecutions and convictions carried out in bad faith, and that Plaintiff 14 has limited access to a United States law library.

15 The Court may appoint counsel under 28 U.S.C. § 1915 only in exceptional 16 circumstances where a plaintiff's claims appear to be meritorious and the plaintiff is unable 17 to articulate the claims due to complexity of the issues.  *See Wilborn v. Escalderon*, 789 F.2d 18 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).  Plaintiff 19 appears to have been subjected to criminal prosecution and deportation, as well as the loss 20 of assets through a bankruptcy proceeding.  He appears to be asserting claims against a 21 variety of individuals involved in these actions, including the United States government and 22 at least two law firms.  Doc. #8.  Plaintiff's filings do not demonstrate that his claims have 23 merit, nor has Plaintiff shown an inability to articulate his position.  The Court does not find 24 that exceptional circumstances exist in this case and accordingly will deny Plaintiff's request 25 for the appointment of counsel.

26 **IT IS ORDERED:**

27 1. Plaintiff's Motion to Change Venue (Doc. #11) is **denied**

28 2. Plaintiff's Motion for a Temporary Restraining Order (Doc. #8) is **denied**.

3. Plaintiff's Motion for the Appointment of Counsel (Doc. #9) is **denied.**

DATED this 12th day of April, 2006.

_____
David G. Campbell
United States District Judge