**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: Robyn D. Scharf, | No. CV-06-492-PHX-DGC |
| Debtor. | (No. BK-98-5604) |
| | (Adversary No. 04-1196-CGC) |
| Robert F. Bortolon, | (BAP No. AZ-06-1045) |
| Appellant, | **ORDER** |
| vs. | |
| United States of America; Burch & Cracchiolo; Hebert Schenck & Johnsen, P.C.; and Robyn D. Scharf, | |
| Appellees. | |

Pending before the Court is Appellee United States of America's motion to dismiss filed on March 23, 2006. Doc. #3. Also pending is a motion to dismiss filed by Appellees Hebert Schenck & Johnsen, P.C., and Robyn Scharf on March 28, 2006. Doc. #7. Appellees Burch & Cracchiolo, Hebert Schenck & Johnsen, P.C., and Robyn Scharf have joined the motion filed the United States. Docs. ##5, 7.

To date, Appellant has not filed responses to the motions. *See* LRCiv 7.2(c) (stating that the opposing party shall have ten days to serve and file a response to a motion). Appellant's attention is directed to Local Rule of Civil Procedure 7.2(i), which provides, in pertinent part:

> If a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to

the . . . granting of the motion and the Court may dispose of the motion summarily.

Pursuant to Local Rule 7.2(i), the Court may deem Appellant's failure to respond a consent to the granting of Appellees' motions to dismiss. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that district court did not err in summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).  The Court also may dismiss this appeal pursuant to Federal Rule of Civil Procedure 41(b) if Appellant fails to prosecute the appeal or comply with the rules or any Court order.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that the district court did not err in dismissing a pro se plaintiff's action for failing to comply with a court order); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (same); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se litigants should not be treated more favorably than parties represented by attorneys).

Appellant shall file responses to Appellees' motions to dismiss by **May 12, 2006**. Appellant's failure to comply with this order will result in the dismissal of this appeal with prejudice and without further notice to Appellant.

**IT IS ORDERED:**

1. Appellant shall file responses to Appellees' motions to dismiss (Docs. ##3, 7) by **May 12, 2006**.

2. The Clerk shall dismiss this appeal with prejudice and without further notice if Appellant fails to comply with this order.

DATED this 26th day of April, 2006.

_____
David G. Campbell
United States District Judge

- 2 -